ORIGINAL

FILED

09/15/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0678

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 19-0678

FILED

SEP 15 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

SUNSET IRRIGATION DISTRICT,
CHRISS MACK and CAROLYN MACK,

    Claimants and Appellees,

UNITED STATES OF AMERICA (FISH
AND WILDFIRE SERVICE); GLENDA F.
ANDERSON; JIMMY A. ANDERSON; JOHN
ANDERSON; and ROWDY ANDERSON,

    Objectors and Appellants.

ORDER

This matter comes before the Court upon an Expedited Motion for Stay of District Court Proceedings and Order filed by Objectors/Appellants (Andersons). Claimants/Appellees (Macks) filed a response objecting to any stay of the District Court proceedings.

The underlying water controversy at issue has been in litigation for over six years. Andersons first appealed a preliminary injunction in *Mack v. Anderson*, 2016 MT 204, 384 Mont. 368. This Court concluded Macks were entitled to a preliminary injunction and must be provided access to their place of diversion along the course of the Mack Ditch for purposes of installing a headgate and for repair and maintenance purposes. Following the appeal, the District Court certified the matter to the Water Court for location of Headgate 103 and a determination of any water claims. The District Court stayed the proceedings pending a Water Court determination. At the time of the stay, six motions were pending before the District Court. On September 17, 2019, the Water Court issued its Final Order in Case 76HA-107 and 76HA-108. The Andersons appealed the Final Order to this Court on December 2, 2019. This most recent appeal is still pending and the current Expedited Motion for Stay has been filed in the appeal of this Water Court decision. On

August 12, 2020, the District Court granted Mack's request to lift the stay in Cause No. DV-14-231 so that it could resolve the dispute surrounding the Mack Ditch easement controversy. There has not been a final judgment rendered by the District Court and there is no appeal in this underlying easement proceeding currently pending before this Court. The only pending appeal is of the Water Court's Final Order.

Pursuant to M. R. App. 22(1)(a) a party may file a stay in the district court to stay an "order of the district court pending appeal . . . ." The express language of the Rule requires that an appeal be *pending* in the underlying matter. If a "motion for relief under section (1)(a) of this rule" is either denied or granted, then the aggrieved party may file a motion for relief in this Court demonstrating good cause for the requested relief. The Rule requires that there be an appeal pending in the underlying proceeding and that the District Court has considered, and either denied or granted, the motion for stay. The request must be supported by affidavit and include copies of relevant documents from the record. Rule 22 sets forth the procedures for seeking a stay in this Court of an order or judgment entered in the district court.

Here, the only matter pending on appeal is the Water Court's Final Order. That appeal is proceeding under Cause No. 19-0678 and references the underlying Water Court cases 76HA-107 and 76HA-108. There has not been an appeal filed in DV-14-321. Accordingly, this Court will not consider whether a stay was properly granted as no final judgment has been entered and no appeal in DV-14-321 is pending before this Court.

IT IS HEREBY ORDERED that Objectors/Appellants (Andersons) Expedited Motion for Stay of District Court Proceedings and Order is DENIED.

The Clerk is directed to provide copies of this Order to all counsel of record and to the Honorable Jason Marks, presiding District Court Judge.

Dated this _15_ day of September, 2020.

_____
Chief Justice

2

_____

_____

_____

_____
Justices